

RECEIVED
USDC. CLERK. CHARLESTON. SC

2010 JUL 14  A  9: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARVIN E. ROGERS,<br>　　　　Petitioner, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 2:10-1522-HFF-RSC |
| GREGORY KNOWLIN, Warden,<br>Turbeville Correctional Institute,<br>　　　　Respondent. | §<br>§<br>§ | |

## ORDER

　　　　This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Petition be dismissed without prejudice and without issuance and service of process upon Respondent. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 29, 2010, and the Clerk of Court entered Petitioner's objections to the Report on July 9, 2010. The Court has reviewed Petitioner's objections, but finds them to be without merit. Simply stated, and as observed by the Magistrate Judge, "it is clear from the face of the Petition that . . . [Petitioner] was represented by counsel" during his 1975 state conviction for rape and housebreaking, which is the subject of this § 2254 motion. (Report 7.) "It is also clear from the face of the Petition that . . . 'the sentence [for the 1975 conviction] has been completely served.' " *Id.* (quoting Pet. 13.) Moreover, contrary to Petitioner's arguments otherwise, his being subject to sex offender registration as a result of the 1975 conviction does not meet the "in custody" requirement of § 2254. *See McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999). Thus, the relief Petitioner seeks pursuant to § 2254 regarding his 1975 state conviction is unavailable in this Court.

As noted in footnote 2 of the Report, Petitioner previously filed a § 2254 motion concerning his 1999 conviction.[*] Therefore, to the extent that Petitioner argues that this § 2254 motion is attacking his 1999 conviction, such motion would be successive and thus dismissed without prejudice.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that the Petition is **DISMISSED** without prejudice and without issuance and service of process upon Respondent.

---

[*] The Report reflects September 1998 as the date Petitioner was convicted of the charges for which he is currently incarcerated. The date is actually April 27, 1999. (Objections, Exhibits A & C.) It appears that September 9, 1998, is the date he was arrested on the charges.

2

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 13th day of July, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.